**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **MIZAN ENTERPRISES INC,** | ) | **Chapter 11** |
| | ) | **Case No. 17-30601** |
| **Debtor.** | ) | |
| | ) | |

## DEBTOR'S MOTION TO APPROVE SETTLEMENT WITH R.B.C. CORPORATION PURSUANT TO BANKRUPTCY RULE 9019

NOW COMES Mizan Enterprises Inc., the above-captioned debtor and debtor in possession (the "Debtor"), and pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Local Rules 9013-1(e) and 9019-1 the Debtor hereby moves the Court for the entry of an order authorizing and approving the settlement by and between the Debtor and R.B.C. Corporation ("RBC"). In support of its response, the Debtor states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.

2.      The authority for the relief sought herein is Bankruptcy Rule 9019.

### BACKGROUND

3.      On or about November 12, 2010, RBC and the Debtor entered into that certain commercial lease (the "Lease") for real property located at 135 Levine Avenue, Charlotte, North Carolina (the "Property").

4.      On or about April 7, 2017, due to asserted outstanding rental obligation due under

the Lease, RBC demanded that the Debtor vacate the premise on or before April 14, 2017.

5.    Consequently, the Debtor filed an emergency voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court on April 14, 2017 (the "Petition Date").

6.    Soon thereafter RBC filed its *Motion to Dismiss Bankruptcy Case for Bad Faith Filing, or in the Alternative Motion for Relief from the Automatic Stay* [ECF No. 13] and *Motion to Request that the Court shorten the Deadline for Assuming or Rejecting the Lease with R.B.C. Corporation* [ECF No. 26] (collectively, the "RBC Motions").

7.    The Debtor disputed said rental obligation and on May 8, 2017 filed that certain *Debtor's Motion for Estimation of Claim of R.B.C. Corporation* [ECF No. 44] asserting that the outstanding rental obligation, if any, should be estimated at zero.

8.    The Court held a hearing on R.B.C.'s Motions on May 9, 2017 for which the Court heard arguments, considered evidence and continued the matters until August 15, 2017.

9.    Following the May 9, 2017 hearing the parties began discussions in hopes of resolving the substantive motions.

10.    On August 21, 2017, RBC filed a proof of claim in the amount of $83,661.77 (the "Claim"). *See In re Mizan Enterprises, Inc.*, Case No. 17-30601, Claims Register, Claim No. 4-1.

11.    In light of the foregoing, as well as the attendant costs and risk associated with litigating and defending the substantive motions and contested matters, the Parties entered into a settlement agreement on or about September 10, 2017 (the "Settlement Agreement"), in order to resolve the disputes surrounding the motions, the Claim and any claims the parties may have against each other concerning the pre-petition rental obligation and/or the Debtor's assertions of

damages surrounding certain construction. Attached hereto as <u>Exhibit A</u> is a true and accurate copy of the Settlement Agreement, the terms of which are incorporated by reference as if set forth fully herein. The material terms of the Settlement Agreement are summarized below. To the extent that the summary below differs from the terms contained within the Settlement Agreement, the terms of the Settlement Agreement govern.

**SUMMARY OF SETTLEMENT TERMS**

12.     The terms of the Settlement Agreement are as follows:

i.     In consideration for assuming the Lease, the Debtor shall cure a rental arrearage of $13,035.22;

ii.     In consideration for certain expenses incurred in the bankruptcy, RBC shall have an administrative expense claim in the amount of $35,424.50, which shall be paid throughout the duration of the chapter 11 plan filed by the Debtor.

iii.     The Debtor shall assume the Lease;

iv.     The Debtor and Guarantor shall release RBC of any and all claims it may have associated with the Lease including but not limited to alleged damage from any construction in or around the Debtor's location;

v.     RBC shall release the Debtor and Guarantor of any and all claims it may have associated with the Lease including but not limited to the asserted outstanding rental obligation; and

vi.     The Settlement Agreement is conditioned upon approval of this Court.

**BASIS FOR RELEIF REQUESTED**

13.     Bankruptcy Rule 9019(a) provides the basis for the relief requested in this motion

and provides: "[o]n motion by the trustee and after notice and a hearing, the court may approve a

compromise or settlement."

14.    Generally, "compromises are favored in bankruptcy." *Myers v. Martin,* 91 F.3d

389, 393 (3rd Cir. 1996)(citing *Collier on Bankruptcy* 9019.03)(15th ed. 1993). In approving a

settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the

validity of the merits of the claims sought to be compromised." *United States v. Alaska Nat'l*

*Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the

court finds that the settlement was negotiated in good faith as well as being reasonable, fair and

equitable. *See, Martin v. Kane (In Re: A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir.)(cert.

denied, 479 U.S. 854 (1986).

15.    Courts have identified the following factors for consideration in determining

whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of

success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation

involved, and the expense, inconvenience and delay necessarily attending it; and (4) the

paramount interest of creditors. *See Myers*, 91 F.3d at 393 (3rd Cir. 1996) (citing *Protective*

*Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25, 88

S. Ct. 1157, 1163-64 (1968).

16.    The consideration of the above factors does not require the Court to decide the

questions of law and fact raised in the controversies to be settled, or to determine whether the

settlement presented is the best one that could possibly have been achieved. Rather, the Court

need only canvass the issues to determine whether the settlement falls "below the lowest point in

the zone of reasonableness." *See, e.g. Newman v. Stein*, 464 F.2d 689, 698 (2d Cir.)(*cert. denied*

*sub nom. Benson v. Newman*, 409 U.S. 1039 (1972)); *Cosoff v. Rodman (In re W.T. Grant Co.),*

699 F.2d 599, 608 (2d Cir.)(*cert. denied*, 464 U.S. 822 (1983)). Finally, although the Court

should "give deference to the reasonable views of creditors, objections do not rule." *In re Lee*

*Way Holding Co.,* 120 B.R. 881, 891 (Bankr. S. D. Ohio 1990).

17.    The Debtor and RBC have each determined that their respective best interests are

served by settling the motion and possible claims on the terms set forth in the Settlement

Agreement. The Debtor also submits that the settlement proposed herein (a) is in the best interest

of the Debtor's estate and all creditors, (b) is reasonable, fair and equitable, and (c) favorably

avoids the uncertainty and costs related to litigating the contested matters and claims at issue.

18.    As a result, Court approval of the Settlement Agreement is warranted in these

circumstances and is in the best interests of the bankruptcy estate and all parties in interest

involved in the Chapter 11 case.

## NOTICE

19.    Notice of this motion has been given to (a) the Bankruptcy Administrator for the

Western District of North Carolina, (b) counsel for RBC, and (c) all parties in interest.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order

approving the Settlement Agreement and such other and further relief as is just and proper.

Dated: Charlotte, North Carolina
    September 20, 2017

                        **SODOMA LAW, P.C.**

                        */s/ John C. Woodman*
                        John C. Woodman (NC Bar No. 42365)
                        211 East Blvd.
                        Charlotte, North Carolina 28203
                        (704) 442-0000
                        jwoodman@sodomalaw.com
                        *Counsel for the Debtor*

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on this 10th day of ~~August;~~ September 2017 by and between R.B.C. Corporation ("R.B.C."), a North Carolina corporation; Mizan Enterprises Inc ("Debtor"), a North Carolina corporation; Omar Kweider ("Omar"), a resident of Mecklenburg County, North Carolina; Kweider Brothers, Inc. ("Kweider Brothers"), a North Carolina corporation; and Kabob Grill, Inc. ("Kabob Grill"), a North Carolina corporation. Omar, Kweider Brothers, and Kabob Grill may hereafter collectively be referred to as the "Guarantors." R.B.C., the Debtor and the Guarantors may collectively be referred to as the "Parties."

WHEREAS, the Debtor and R.B.C. entered into the Duke Energy Center Retail North Lease on or about November 12, 2010 (as amended, the "Lease") covering property located at 135 Levine Avenue of the Arts (as described more fully therein, the "Premises"), on which the Debtor operates a restaurant known as Levant;

WHEREAS, the Lease was guaranteed by the Guarantors;

WHEREAS, the Debtor and R.B.C. entered into the following amendments to the Lease:
1) First Amendment to Lease on or about May 15, 2011;
2) Second Amendment to Lease on or about August 29, 2011;
3) Third Amendment to Lease on or about November 8, 2011;
4) Fourth Amendment to Lease on or about November 28, 2011;
5) Fifth Amendment to Lease on or about July 30, 2012; and
6) Sixth Amendment to Lease dated on or about August 1, 2015;

WHEREAS, the Sixth Amendment to Lease provided for a temporary rent reduction beginning on August 1, 2015 and expiring when Levine Avenue was reopened after certain construction;

WHEREAS, during that time period, the rent was reduced from $7,660.45 to $1,500.00 per month;

WHEREAS, Levine Avenue reopened in September 2016 and the rent owed by the Debtor beginning in October 2016 was $7,891.26 per month;

WHEREAS, the Debtor failed to make the full rent payments from October 2016 through March 2017, and failed to pay certain maintenance and utility bills that were due and owing under the Lease (collectively, the "Deficiencies");

WHEREAS, the Deficiencies constitute breaches and defaults under the terms of the Lease;

WHEREAS, in February 2017, the Debtor and R.B.C. entered into negotiations to resolve the Deficiencies;

WCSR 40176549v4

WHEREAS, there is a dispute as to whether the negotiations culminated in an agreement between the Debtor and R.B.C.;

WHEREAS, due to a continued failure to pay the Deficiencies, including, but not limited to the unpaid rent, R.B.C. sent Debtor a demand letter on or about April 7, 2017, stating that the Debtor's right of possession would be terminated on April 14, 2017 at 5:00 p.m.;

WHEREAS, on April 14, 2017, the Debtor filed its voluntary petition for relief to preserve its right to occupy the premises, which commenced bankruptcy Case No. 17-30601 (the "Case");

WHEREAS, on or about May 8, 2017, the Debtor filed the Debtor's Motion for Estimation of Claim of R.B.C. Corporation [Dkt. 44];

WHEREAS, the Debtor disputed the validity of R.B.C.'s claimed arrearages based both on an alleged agreement after the parties negotiations in February 2017 and based on alleged damages arising from the construction in the area of the Premises;

WHEREAS, R.B.C. disputes these allegations;

WHEREAS, the Parties desire at this time to settle all disputes relating to the Deficiencies, the alleged rent abatement from October 2016 through March 2017 and any and all alleged damages from construction activity in or around the Premises from the beginning of the Lease through the date of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.    Rent Abatement.    R.B.C. agrees to a retroactive rent abatement from October 2016 to March 2017 with a rent amount for that time period of $1,500.00 per month.

2.    Unpaid Charges.    As part of the consideration for R.B.C.'s agreement to the retroactive rent abatement, the Debtor agrees to pay all outstanding unpaid charges contemporaneously with the execution of this Agreement. Those charges total $13,035.22 and are set forth on the attached Exhibit A.

3.    Attorneys' Fees of R.B.C.    The parties acknowledge and agree that (i) R.B.C. has incurred attorneys' fees and other legal expenses (collectively, the "Attorneys' Fees") as a result of the Deficiencies, as shown on Exhibit B attached hereto; (ii) that R.B.C. is entitled to payment and reimbursement of such Attorneys' Fees by Debtor under the terms of the Lease because all such fees incurred were caused or otherwise arose due to breaches and defaults by Debtor; (iii) that a claim for the Attorney's Fees by R.B.C. is valid and recoverable in the Case; and (iv) that the amounts of the Attorney's Fees, as shown on Exhibit B attached hereto, are fair and reasonable. Debtor covenants and agrees that it will not object to or otherwise challenge

R.B.C.'s claim for the Attorneys' Fees, or institute or continue a claim estimation or disallowance proceeding with respect to the Attorneys' Fees; provided that, the amount of the claim for such Attorneys' Fees shall not exceed the amount described herein. Debtor further covenants and agrees that its ultimate plan of reorganization will provide for payment in full of such Attorneys' Fees as an administrative expense, and further provide that a failure to make any payment of Attorneys' Fees in full when due will automatically and immediately constitute a default and breach under the Lease and give rise to a right, on behalf of R.B.C., to exercise any of its remedies under the Lease and applicable law, including without limitation, the right to evict Debtor.

4.    <u>Release of R.B.C. by Guarantors and Debtor</u>.  As part of the consideration for R.B.C. agreeing to the terms of this Settlement Agreement, Debtor and the Guarantors for themselves, their parents, subsidiaries, affiliates, predecessors, successors and assigns hereby release, acquit, and forever discharge R.B.C. its parents, subsidiaries, affiliates, predecessors, successors and assigns as well as its officers, directors, agents, property manager, attorneys, accountants and employees (together, the "R.B.C. Released Parties") from any and all liabilities, claims, demands, counterclaims, or damages (if any there be), whether absolute or contingent, due or to be come due, disputed or undisputed, at law or in equity, that any of them now has or ever had against R.B.C. Released Parties arising under or in connection with the Lease and/or Guaranty, including, but not limited to, the negotiations that occurred in February and March of 2017 and any alleged damages from any construction in or around the Premises, provided however, that nothing herein should release or preclude R.B.C.'s prosecuting of an administrative expense claim, if one is so filed.

5.    <u>Release of Debtor and Guarantor by R.B.C.</u>  As part of the consideration for Debtor agreeing to the terms of this Settlement Agreement, R.B.C. for itself, its parents, subsidiaries, affiliates, predecessors, successors and assigns hereby release acquit and forever discharge the Debtor and Guarantors, their parents, subsidiaries, affiliates, predecessors, successors and assigns as well as their officers, directors, agents, property manager, attorneys, accountants and employees (together, the "Debtor Released Parties") from any and all liabilities, claims, demands, counterclaims, or damages (if any there be), whether absolute or contingent, due or to be come due, disputed or undisputed, at law or in equity, that any of them now has or ever had against the Debtor Released Parties arising under or in connection with the Lease and/or Personal Guaranty, including but not limited to any and all claims of unpaid rent for the time period of October 2016 through March 2017, but not for the charges that accrued that are listed on the attached <u>Exhibit A</u> or the Attorneys' Fees described in <u>Section 3</u> and set forth on <u>Exhibit B</u> attached hereto.

6.    <u>No other Amendment</u>.  Except for the retroactive rent abatement contained herein, there are no other amendments or modifications to the Lease and it remains in full force and effect.

7.    <u>Bankruptcy Court Approval</u>.  This Agreement will not become effective until it has been approved by the United States Bankruptcy Court for the Western District of North Carolina. Debtor agrees to file a Motion under Bankruptcy Rule 9019 seeking approval of this Agreement within five days of execution of this Agreement.

8.      Governing Law.  This Agreement shall be governed by and construed in accordance with the Laws of the State of North Carolina.

9.      Entire Agreement.  This Agreement constitutes the entire understanding and agreement of the Parties with respect to the subject matter herein.  This Agreement may not be modified, altered or amended except by agreement in writing signed by all Parties.

10.     Time is of the Essence.  Time is of the essence for all terms of this Settlement Agreement.

11.     Compromise Not An Admission.  The Parties agree and acknowledge that this Settlement Agreement is being entered into only for the purpose of avoiding the burdens, inconveniences and expenses of further disputes and litigation between the Parties as it relates to the claims at issue and is not and shall not be construed or deemed to be an admission or concession by any party as to the merits of any claim or defense of the Parties.

12.     Counterparts.  This Agreement may be executed in duplicate counterparts, each of which shall be deemed an original and all of which shall constitute but one and the same instrument.

13.     Severability.  The Parties agree that if any term of this Settlement Agreement is deemed to be invalid for any reason, the remaining terms and provisions shall retain their full force and effect.

14.     No Waiver of Right to Enforce Terms of Agreement.  By signing this Agreement, the Parties do not waive any right or claim to enforce the terms of this Agreement, but rather the Parties specifically reserve their rights to bring an action in a court of competent jurisdiction to enforce the terms of this Settlement Agreement.

15.     No Assignment.  The Parties covenant and agree that each has not assigned, transferred or conveyed in any manner all or any part of their legal claims or legal rights in connection with the matters described above.

16.     Successors In Interest.  This Agreement shall be binding upon the Parties and each of their respective heirs, predecessors, successors, assigns, affiliates, agents, insurers, employees, legal representatives and any other persons or entities acting on their behalf or claiming through or under them or any of them, and shall inure to the benefit of all the Parties, as well as each of their respective heirs, predecessors, successors, assigns, affiliates, agents, insurers, employees, legal representatives and any other persons or entities acting on their behalf or claiming through or under them or any of them.

17.     All Amendments Must Be In Writing.  The terms of this Settlement Agreement may not be changed, modified, waived, discharged or terminated in any manner, except by written instrument signed by all of the Parties.

18.   Costs and Fees. Debtor and Guarantors shall pay their costs and fees in relation to the negotiation and execution of this Agreement and R.B.C.'s fees shall be handled as described in Section 3.

19.   Authority. The Parties represent and warrant that the signatory executing this Agreement is fully authorized to execute this Agreement on behalf of the respective party.

20.   Notices. Debtor, Omar, Kweider Brothers, and Kabob Grill each represent and warrant that the information set forth on Exhibit C attached hereto is the current and accurate address and contact information for such Party.

IN WITNESS WHEREOF, the Parties have set their hand and seal to this Settlement Agreement on the date above first written.

**DEBTOR:**

**MIZAN ENTERPRISES INC**, a North Carolina Corporation

By: _Omar Kweider_

Its: _President_

**GUARANTORS:**

**KWEIDER BROTHERS, INC.,** a North Carolina Corporation

By: _Omar Kweider_

Its: _president_

**KABOB GRILL, INC.,** a North Carolina Corporation

By: _Omar Kweider_

Its: _pr_____

_Omar Kweider_

18.     Costs and Fees. Debtor and Guarantors shall pay their costs and fees in relation to the negotiation and execution of this Agreement and R.B.C.'s fees shall be handled as described in Section 3.

19.     Authority. The Parties represent and warrant that the signatory executing this Agreement is fully authorized to execute this Agreement on behalf of the respective party.

20.     Notices. Debtor, Omar, Kweider Brothers, and Kabob Grill each represent and warrant that the information set forth on Exhibit C attached hereto is the current and accurate address and contact information for such Party.

IN WITNESS WHEREOF, the Parties have set their hand and seal to this Settlement Agreement on the date above first written.

**DEBTOR:**

**MIZAN ENTERPRISES INC**, a North Carolina Corporation

By: _____

Its: _____

**GUARANTORS:**

**KWEIDER BROTHERS, INC.,** a North Carolina Corporation

By: _____

Its: _____

**KABOB GRILL, INC.,** a North Carolina Corporation

By: _____

Its: _____

_____

**OMAR KWEIDER, GUARANTOR**

**R.B.C. CORPORATION,** a North Carolina
corporation

By: _____

Its: _____

## Exhibit A – Unpaid Charges

(attached)

**EXHIBIT A to Settlement Agreement**

Calculation of
Upaid Charges
under Section
2 of Agreement

Mizan Enterprises, Inc.
135 Levine Avenue of the Arts
Charlotte, NC 28202

| Description | Amount Due |
|---|---:|
| *Repaired Line for Ice Maker 12/09/15 | 45.00 |
| *Utilities November 2015 | 152.30 |
| *Utilities December 2015 | 523.06 |
| *Semi-Annual Inspection - Fire Suppression | 123.65 |
| *Utilities - February 2016 | 546.43 |
| *Serviced Grease Trap on 02/08/16 | 104.97 |
| *Utilities - March 2016 | 606.68 |
| *Utilities - July 2016 | 290.39 |
| *Utilities - August 2016 | 205.04 |
| *Serviced Grease Trap - 09/18/16 | 104.97 |
| *Utilities - September 2016 | 162.77 |
| *Champion Safe & Lock -08/25/16. | 62.74 |
| *Utilities - October 2016 | 211.84 |
| *Utilities November 2016 | 512.90 |
| *Champion Safe & Lock – 09/29/16 | 96.52 |
| *02/01/2017-02/28/2017-Basic Rent (I) | 1,500.00 |
| 000002913 | -3,139.84 |
| *04/01/2017-04/30/2017-Basic Rent (I) | 8,128.61 |
| *Utilities December 2016 | 515.24 |
| *Utilities January 2017 | 858.96 |
| *Utilities February 2017 | 157.79 |
| Utilities March 2017 | 161.35 |
| Serviced Grease Trap 1/28/17 | 243.01 |
| Serviced Grease Trap 4/22/17 | 243.01 |
| Utilities April 2017 | 132.29 |
| Utilities May 2017 | 134.52 |
| Utilities June 2017 | 108.01 |
| Service Greece Trap June 23, 2017 | 243.01 |
| | 13,035.22 |

## Exhibit B – Attorneys' Fees of R.B.C.

(attached)

.

## Exhibit B - Attorneys' Fees of R.B.C.

| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION SOUGHT (REFLECTS REDUCTIONS) |
|---|---|---|---|
| Henriques, Mark P. | $420.00 | 10.7 | $4,494.00 |
| Jernigan, Trent E. | $350.00 | 1.5 | $525.00 |
| Young, Constance L. | $375.00 | 59.1 | $22,162.50 |
| Towery, Christopher M. | $250.00 | 1.4 | $350.00 |
| Roop, Austin D. | $225.00 | 33.8 | $7,605.00 |
| Russell, Connie M. | $160.00 | 1.8 | $288.00 |
| TOTALS | | 108.3 | $35,424.50 |

*(Exhibit B to Settlement Agreement)*

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED BY WOMBLE
CARLYLE SANDRIDGE & RICE, LLP ON BEHALF OF R.B.C. CORPORATION FOR THE
PERIOD 3/21/2017 THROUGH 8/29/2017**

| EXPENSES | AMOUNTS |
|---|---|
| Express Delivery Charge | $123.52 |
| Travel Expense (Parking) | $11.00 |
| **Total Expenses Requested:** | **$134.52** |

*(Exhibit B to Settlement Agreement)*

**PROFESSIONAL SERVICES RENDERED BY WOMBLE CARLYLE SANDRIDGE & RICE, LLP ON BEHALF OF R.B.C. CORPORATION FOR THE PERIOD 3/21/2017 THROUGH 8/29/2017**

| Date | Description | Attorney | Hours | Rate | Amount |
|------|-------------|----------|-------|------|--------|
| 3/22/2017 | Research tenant entity in North Carolina Secretary of State and Mecklenburg County online UCC sites (0.8); prepare correspondence with information on same (0.3) | Russell, Connie M. | 1.1 | $160.00 | $176.00 |
| 3/22/2017 | Review materials provided by Wells Fargo regarding lease | Jernigan, Trent E. | 0.5 | $350.00 | $175.00 |
| 3/23/2017 | Review lease and correspondence (1.1); conference with client (0.2) | Henriques, Mark P. | 1.3 | $420.00 | $546.00 |
| 3/23/2017 | Conference with Mark Henriques to provide update regarding lease dispute, potential eviction and litigation regarding Mizan and Levant Restaurant (0.2); prepare correspondence to Rich Belthoff and Lisa Oldham (0.8) | Jernigan, Trent E. | 1.0 | $350.00 | $350.00 |
| 3/28/2017 | Work on default letter to Mizan Enterprises (.8); email client (.4) | Henriques, Mark P. | 1.2 | $420.00 | $504.00 |
| 3/29/2017 | Emails with Richard Belthoff | Henriques, Mark P. | 0.3 | $420.00 | $126.00 |
| 3/30/2017 | Review SOS UCC filings provided by client; prepare correspondence on same | Russell, Connie M. | 0.7 | $160.00 | $112.00 |
| 4/05/2017 | Finalize default letter and emails regarding same (1.1); telephone call with client (.3); revise default letter to address leaving fixtures in place and adding guarantors (.8) | Henriques, Mark P. | 2.2 | $420.00 | $924.00 |
| 4/07/2017 | Finalize and serve notice of default and repossession | Henriques, Mark P. | 0.3 | $420.00 | $126.00 |
| 4/10/2017 | Confirm delivery of default notice and review lock-out procedures | Henriques, Mark P. | 0.4 | $420.00 | $168.00 |
| 4/11/2017 | Review e-mail exchanges with tenant (.5); telephone conference with Lisa Oldham regarding termination strategy and previous notice of default (.4) | Henriques, Mark P. | 0.9 | $420.00 | $378.00 |
| 4/12/2017 | Telephone conferences with Ian Morris, attorney for Mizan (.4); telephone conference with Lisa Oldham (.3) | Henriques, Mark P. | 0.7 | $420.00 | $294.00 |
| 4/13/2017 | Telephone conference with attorney for Mizan regarding possible change in lock out date (.3); e-mail with client (.3) | Henriques, Mark P. | 0.6 | $420.00 | $252.00 |
| 4/14/2017 | Email and phone conference regarding bankruptcy filing (.3); review of schedules and default letter (.2) | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 4/14/2017 | Review notice of filing of bankruptcy petition (.3); e-mail with client regarding same (.2); telephone conference with Connie Young regarding impact of automatic stay (.2) | Henriques, Mark P. | 0.7 | $420.00 | $294.00 |
| 4/17/2017 | Review of lease and amendments (1.0); draft of Motion for Stay Relief and review | Young, Constance L. | 4.5 | $375.00 | $1,687.50 |

*(Exhibit B to Settlement Agreement)*

| Date | Description | Name | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | and revise same (3.0); email and phone call to opposing counsel (.5) | | | | |
| 4/17/2017 | Review Motion to Dismiss and revise same (.5); e-mails regarding to Motion to Dismiss and hearing before bankruptcy court (.2) | Henriques, Mark P. | 0.7 | $420.00 | $294.00 |
| 4/18/2017 | Finalize Motion to Dismiss | Young, Constance L. | 1.0 | $375.00 | $375.00 |
| 4/18/2017 | Emails with client | Henriques, Mark P. | 0.2 | $420.00 | $84.00 |
| 4/20/2017 | Attend Hearing Held before the Honorable J. Craig Whitley: (Regarding related document(s) 5 Motion (Other) filed by Debtor Mizan Enterprises Inc; DEBTOR IN POSSESSION TO BE ADDED TO CHECK AND BANK ACCOUNT; SEPARATE BANK ACCOUNT TO BE OPENED FOR TAXES, 6 Motion (Other) filed by Debtor Mizan Enterprises Inc) (.5); review and analyze docket and prepare for hearing (.5) | Roop, Austin D. | 1.0 | $225.00 | $225.00 |
| 4/21/2017 | Review and analysis of requirements for motion shortening time to assume or reject lease (.3); email correspondence regarding returned check for payment (.2); begin draft of Motion (3.0) | Young, Constance L. | 3.5 | $375.00 | $1,312.50 |
| 4/21/2017 | Emails with client | Henriques, Mark P. | 0.3 | $420.00 | $126.00 |
| 4/24/2017 | Phone conference with Lisa Oldham (.5); draft of Motion to force assumption or rejection of lease; review and revise same (3.0) | Young, Constance L. | 3.5 | $375.00 | $1,312.50 |
| 4/25/2017 | Continue draft of Motion to force assumption or rejection (1.5); review and revise (.3); receipt and review of notice of Order dismissing case (.1); investigate reason for the Order (.3); communicate with client (.3) | Young, Constance L. | 2.5 | $375.00 | $937.50 |
| 4/25/2017 | Review dismissal by bankruptcy court; conference with Connie Young regarding same | Henriques, Mark P. | 0.4 | $420.00 | $168.00 |
| 4/26/2017 | Finalize Motion for filing | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 4/26/2017 | Emails with client | Henriques, Mark P. | 0.3 | $420.00 | $126.00 |
| 5/05/2017 | Meet with potential witnesses to prepare for hearing and preparation for hearing (3.4); communicate with opposing counsel and court regarding change in time (0.3); receipt and review of filings by Debtor (0.5); receipt and review of additional information from client (0.3) | Young, Constance L. | 4.5 | $375.00 | $1,687.50 |
| 5/06/2017 | Draft of outline of testimony for hearing (3.0); review of documents and prepare for hearing (0.5) | Young, Constance L. | 3.5 | $375.00 | $1,312.50 |
| 5/08/2017 | Continue prep for hearing | Young, Constance L. | 3.8 | $375.00 | $1,425.00 |
| 5/09/2017 | Attend hearing on Motion to Dismiss | Young, Constance L. | 5.0 | $375.00 | $1,875.00 |

*(Exhibit B to Settlement Agreement)*

| 5/12/2017 | Emails with client | Henriques, Mark P. | 0.2 | $420.00 | $84.00 |
|---|---|---|---|---|---|
| 5/17/2017 | Review and analyze issues associated with requirement that debtor pay rent at a daily rate from the date of the petition | Towery, Christopher M. | 1.4 | $250.00 | $350.00 |
| 5/18/2017 | Return phone call to Lisa Oldham | Young, Constance L. | 0.2 | $375.00 | $75.00 |
| 5/22/2017 | Phone conference with client (0.2); email to debtor's client regarding April's rent (0.2) | Young, Constance L. | 0.4 | $375.00 | $150.00 |
| 5/24/2017 | Attend 341 hearing (1.5); phone conference with Lisa Oldham (0.3) | Young, Constance L. | 1.8 | $375.00 | $675.00 |
| 5/25/2017 | Draft of email to Lisa Oldham | Young, Constance L. | 0.3 | $375.00 | $112.50 |
| 5/30/2017 | Begin draft of response to claim objection (2.7); email correspondence with Debtor's counsel regarding same (0.3) | Young, Constance L. | 3.0 | $375.00 | $1,125.00 |
| 6/20/2017 | Draft, review and revise Settlement Agreement (2.0); work on extension of response date and hearing date (1.0) | Young, Constance L. | 3.0 | $375.00 | $1,125.00 |
| 6/21/2017 | Finalize Motion for Extension of Time and Consent Order extending answer. | Young, Constance L. | 0.2 | $375.00 | $75.00 |
| 6/21/2017 | Email and phone conference with Lisa Oldham | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 6/22/2017 | Draft of email to Debtor's counsel regarding existing defaults and its impact on settlement negotiations (1.0); email correspondence regarding same (0.3); receipt and review of email from Debtor with contradictory evidence regarding hours of operation (0.3); email exchange with client (0.2) | Young, Constance L. | 1.8 | $375.00 | $675.00 |
| 6/23/2017 | Review and analysis of chart with deficiencies (0.5); compare to prior charts (0.3); phone call to Wells Fargo (0.2) | Young, Constance L. | 1.0 | $375.00 | $375.00 |
| 6/26/2017 | Consider likelihood of success of getting stay lifted with current breaches (0.3); draft of email to client (0.2) | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 6/28/2017 | Email correspondence with client and Debtor regarding payments | Young, Constance L. | 0.3 | $375.00 | $112.50 |
| 6/29/2017 | Review and revise Response to Motion for Estimation of Claim | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 6/29/2017 | Analyze claims estimation motion with C. Young | Roop, Austin D. | 0.2 | $225.00 | $45.00 |
| 7/03/2017 | Review and analyze Debtors Claims Estimation Motion (0.4); analyze issues related to the substance of Sec. 506(b) of the Bankruptcy code and the procedural requirements of claim estimation (0.9) | Roop, Austin D. | 1.3 | $225.00 | $292.50 |
| 7/04/2017 | Analyze procedural issues for Debtor's Claim Estimation Motion | Roop, Austin D. | 0.8 | $225.00 | $180.00 |
| 7/05/2017 | Email correspondence with Debtor's counsel regarding extension of hearing and response time (0.3); email correspondence with client (0.2) | Young, Constance L. | 0.5 | $375.00 | $187.50 |

*(Exhibit B to Settlement Agreement)*

| 7/05/2017 | Continue to analyze issues related to Claim Estimation Motion (2.0); work on drafting Objection to Claim Estimation  (1.4) | Roop, Austin D. | 3.4 | $225.00 | $765.00 |
|---|---|---|---|---|---|
| 7/10/2017 | Review and analysis of outstanding amounts | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 7/18/2017 | Review of chart and set up call to discuss | Young, Constance L. | 0.3 | $375.00 | $112.50 |
| 7/18/2017 | Phone conference with client | Young, Constance L. | 0.6 | $375.00 | $225.00 |
| 7/19/2017 | Review and revise settlement agreement and review of outstanding charges | Young, Constance L. | 0.7 | $375.00 | $262.50 |
| 8/01/2017 | Review and analysis of email from debtor's counsel (.3); receipt and review of email from client (.3); draft of response (.4) | Young, Constance L. | 1.0 | $375.00 | $375.00 |
| 8/02/2017 | Email exchange regarding response to Mizan (.3); begin work on proof of claim (.5); revise email to send to counsel for Debtor (.2) | Young, Constance L. | 1.0 | $375.00 | $375.00 |
| 8/02/2017 | Revise Response to Debtor's Claim Estimation | Roop, Austin D. | 1.3 | $225.00 | $292.50 |
| 8/03/2017 | Email correspondence regarding proposed settlement | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 8/03/2017 | Review emails from opposing counsel regarding settlement negotiations | Roop, Austin D. | 0.2 | $225.00 | $45.00 |
| 8/04/2017 | Review and revise response | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 8/04/2017 | Revise draft of Response to Claim Estimation Motion (0.6); analyze issues related to proof of claim (0.1); prepare to draft proof of claim (0.3) | Roop, Austin D. | 1.0 | $225.00 | $540.00 |
| 8/07/2017 | Email correspondence with debtor's counsel regarding hearing date and potential extension (.3); review and finalize response (.3); email to client (.2); make final edits for filing (.4) | Young, Constance L. | 1.2 | $375.00 | $450.00 |
| 8/07/2017 | Revise Opposition to Motion to Estimate claims (.5); email to client (.1); email correspondence with Debtor's counsel (.2) | Young, Constance L. | 0.8 | $375.00 | $300.00 |
| 8/07/2017 | Review and analyze Lease Agreement (1.1); draft Proof of Claim to be filed in bankruptcy case (1.9) | Roop, Austin D. | 3.0 | $225.00 | $675.00 |
| 8/08/2017 | Email correspondence with client (.2); email correspondence with Debtor's counsel regarding response and lack of financial reporting (.4) | Young, Constance L. | 0.6 | $375.00 | $225.00 |
| 8/08/2017 | Continue to draft Proof of Claim to be filed in bankruptcy case (0.7); analyze issues related to claim for post-petition attorney's fees in bankruptcy case (1.1) | Roop, Austin D. | 1.8 | $225.00 | $405.00 |
| 8/09/2017 | Phone conference with Debtor's counsel regarding resolution of objection | Young, Constance L. | 0.3 | $375.00 | $112.50 |
| 8/10/2017 | Email correspondence with client | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 8/11/2017 | Review and analysis of right to attorneys' fees for post-petition actions (.7); review of | Young, Constance L. | 1.5 | $375.00 | $562.50 |

*(Exhibit B to Settlement Agreement)*

| | | | | | |
|---|---|---|---|---|---|
| | drafts of Forbearance Agreement (.4); email client (.1); email to counsel for debtors regarding the attorneys fees issue (.3) | | | | |
| 8/11/2017 | Analyze issues related to claim of post-petition attorney's fees | Roop, Austin D. | 0.5 | $225.00 | $112.50 |
| 8/14/2017 | Draft Proof of Claim for bankruptcy case | Roop, Austin D. | 2.7 | $225.00 | $607.50 |
| 8/15/2017 | Review and revise proof of claim | Young, Constance L. | 0.3 | $375.00 | $112.50 |
| 8/15/2017 | Work on drafting Proof of Claim and excel attachment calculating claim amounts pre- and post-petition amounts | Roop, Austin D. | 1.7 | $225.00 | $382.50 |
| 8/16/2017 | Review email correspondences from clients | Roop, Austin D. | 0.1 | $225.00 | $22.50 |
| 8/17/2017 | Receipt, review and respond to revised settlement document | Young, Constance L. | 0.2 | $375.00 | $75.00 |
| 8/21/2017 | Review and revise proof of claim (.4); review of proposed revisions to settlement agreement (.4) | Young, Constance L. | 0.8 | $375.00 | $300.00 |
| 8/21/2017 | Revise and finalize Proof of Claim and Excel attachment for filing | Roop, Austin D. | 1.1 | $225.00 | $247.50 |
| 8/21/2017 | Review and analyze issues related to treatment of attorney's fees in bankruptcy | Roop, Austin D. | 1.9 | $225.00 | $427.50 |
| 8/22/2017 | Review and analyze issues related to treatment of attorney's fees in bankruptcy (2.0); draft summary and analysis of law and possible courses of action in seeking payment of claim for attorneys' fees (.5); review and analyze draft of Settlement Agreement sent by Debtor's counsel (0.5) | Roop, Austin D. | 3.0 | $225.00 | $1,035.00 |
| 8/23/2017 | Review and revise email to client | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 8/23/2017 | Analysis and correspondence with client (1.0); revise draft of Settlement Agreement (2.0) | Roop, Austin D. | 3.0 | $225.00 | $1,125.00 |
| 8/24/2017 | Review and revise Settlement Agreement | Young, Constance L. | 0.5 | $375.00 | $187.50 |
| 8/24/2017 | Proofread and revise draft of Settlement Agreement | Roop, Austin D. | 0.7 | $225.00 | $180.00 |
| **Total for Services** | | | | | $35,424.50 |

*(Exhibit B to Settlement Agreement)*

**ACTUAL AND NECESSARY EXPENSES INCURRED BY WOMBLE CARLYLE SANDRIDGE & RICE, LLP ON BEHALF OF R.B.C. CORPORATION FOR THE PERIOD 3/21/2017 THROUGH 8/29/2017**

| Date | Description | Amount |
|---|---|---|
| 4/07/2017 | Federal Express Corporation; 786172231608, Luz Marina Latorre, MATTHEWS, NC | $20.83 |
| 4/07/2017 | Federal Express Corporation; 786172220953, Omar Kweider, MATTHEWS, NC | $20.83 |
| 4/07/2017 | Federal Express Corporation; 786172265433, Kabob Grill, Inc., CHARLOTTE, NC | $16.87 |
| 4/07/2017 | Federal Express Corporation; 786172177868; Attn: Omar Kweider, Mizan Enterprises, Inc., CHARLOTTE, NC | $16.87 |
| 4/07/2017 | Federal Express Corporation; 786172280499, Kabob Grill, Inc., CHARLOTTE, NC | $16.87 |
| 4/07/2017 | Federal Express Corporation; 786172251676, Kweider Brothers, Inc., CHARLOTTE, NC | $11.37 |
| 4/17/2017 | Federal Express Corporation; 778917005590; WOMBLE CARLYLE, LLP, MARK HENRIQUES, CHARLOTTE, NC | $9.66 |
| 5/09/2017 | Young, Connie 05/09/2017 - Attend hearing on Motion to Dismiss | $11.00 |
| 5/11/2017 | Federal Express Corporation; 786540826942, Wells Fargo Lockbox 535350, ATLANTA, GA | $10.22 |
| **Total Disbursements** | | **$134.52** |

*(Exhibit B to Settlement Agreement)*

## Exhibit C - Contact Information

| Mizan Enterprises Inc | |
|---|---|
| Attn: | |
| Address: | |
| Phone: | |
| Email: | |

| Omar Kweider | |
|---|---|
| Address: | |
| Phone: | |
| Email: | |

| Kweider Brothers, Inc. | |
|---|---|
| Attn: | |
| Address: | |
| Phone: | |
| Email: | |

| Kabob Grill, Inc. | |
| --- | --- |
| Attn: | |
| Address: | |
| Phone: | |
| Email: | |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **MIZAN ENTERPRISES INC,** | ) | Case No. 17-30601 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## NOTICE OF OPPORTUNITY FOR HEARING

*NO PROTEST NOTICE*
*NO HEARING WILL BE HELD UNLESS REQUEST FOR HEARING IS FILED*

**PLEASE TAKE NOTICE** that Mizan Enterprises Inc. (the "Debtor") has filed its *DEBTOR'S MOTION TO APPROVE SETTLEMENT WITH R.B.C. CORPORATION PURSUANT TO BANKRUPTCY RULE 9019* (the "Motion").

   **PLEASE TAKE NOTICE** THAT YOUR RIGHTS MAY BE AFFECTED BY THIS MOTION.  YOU SHOULD READ THE MOTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT WITH ONE.

   **PLEASE TAKE NOTICE** in order for a hearing to be held on the Motion, written responses, if any, must be filed on or before **October 4, 2017** (the "Response Deadline") in order to be considered.  If you do not want the Court to grant the relief requested in the Application, or if you oppose it in any way, you MUST:

   (1)   File with the Bankruptcy Court a written objection at:
        Clerk, United States Bankruptcy Court
        Charles Jonas Federal Building
        401 West Trade Street
        P.O. Box 34189
        Charlotte, NC 28234-4189

   (2)   Serve a copy of your response on all parties in interest, including:

        United States Bankruptcy Administrator
        402 West Trade Street
        Charlotte, NC 28202

        - and –

        John C. Woodman

Sodoma Law, P.C.
211 East Boulevard
Charlotte, NC 28203

**PLEASE TAKE FURTHER NOTICE** that if responses are timely filed, a hearing on the Motion will be held on **October 10 , 2017 at 9:30 a.m. (EST)** before the Honorable J. Craig Whitley in Courtroom 1-4 at the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202.

**PLEASE TAKE FURTHER NOTICE** that, if you or your attorney do not file a written response to the Motion on or before the Response Deadline, the Court may grant the relief requested in the Motion without a hearing.  No further notice will be given.

Dated:    Charlotte, North Carolina
          September 20, 2017

**SODOMA LAW, P.C.**

*/s/ John C. Woodman*
John C. Woodman (NC Bar No. 42365)
211 East Blvd.
Charlotte, North Carolina 28203
(704) 442-0000
jwoodman@sodomalaw.com
*Counsel for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| **MIZAN ENTERPRISES INC,** | ) | **Chapter 11** |
|  | ) | **Case No. 17-30601** |
| **Debtor.** | ) |  |
| _____ | ) |  |

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the below date, the undersigned served a copy of the ***DEBTOR'S MOTION TO APPROVE SETTLEMENT WITH R.B.C. CORPORATION PURSUANT TO BANKRUPTCY RULE 9019*** and **Notice of Hearing** was served either electronically or by depositing, enclosed in a postpaid wrapper, properly addressed to the parties attached hereto in a post office or official depository under the exclusive care and custody of the United States Postal Service.

Dated:    Charlotte, North Carolina
              September 20, 2017

SODOMA LAW, P.C.

*/s/ John C. Woodman*
_____
John C. Woodman (NC Bar No. 42365)
211 East Blvd.
Charlotte, North Carolina 28203
(704) 442-0000
jwoodman@sodomalaw.com
*Counsel for the Debtor*

2017-05-05 Creditor Matrix - Mizan (NEW)

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

North Carolina Department of Revenue
P.O. Box 871
Raleigh, NC 27602

R.B.C. Corporation
c/o The Prentice-Hall Corporation System, Inc.
327 Hillsborough St.
Raleigh, NC 27603-1725

Wells Fargo Property Group
1525 West W.T. Harris
Charlotte, NC 28262

Trinity Mechanical
10590 Independence Pointe Pkwy
Matthews, NC 28105

Tyco Simplex Grinnell
6420 Amsterdam Way
Wilmington, NC 28405

*ALSCO
505 East South Temple
Salt Lake City, Utah 84102

*Duke Power
526 South Church Street
Charlotte, NC 28202-1802

*Open Table
1 Montgomery Street, Suite 700
San Francisco, CA 94104-4536

*Piedmont Natural Gas
4720 Piedmont Row Drive
Charlotte, NC 28210-4269

*Time Warner Cable
60 Columbus Circle
New York, NY 10023

2017-05-05 Creditor Matrix - Mizan (NEW)

*Metro 808 Charlotte, LLC
200 Connell Drive, Suite 4100
Berkley Heights, NJ 07922-2819

*Go Daddy
14455 N. Hayden Road, Suite 219
Scottsdale, AZ 85260-6993

*Vatrina, Inc.
8920 S. Tryon Street
Charlotte, NC 28273-3304